
ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KIMBERLY MONTGOMERY, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:12-CV-556-Y |
| | § | |
| JOE KEFFER, Warden, | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.   PARTIES**

Petitioner Kimberly Montgomery, Reg. No. 92045-080, is a federal prisoner currently incarcerated at the Federal Medical Center-Carswell (FMC-Carswell) in Fort Worth, Texas.

Respondent Joe Keffer is the warden of FMC-Carswell.

C. **PROCEDURAL HISTORY**

The record reflects on February 25, 2004, petitioner was arrested by state law enforcement in Midland County, Texas, on criminal charges. (Resp't App. at 1-2) On March 31, while awaiting sentencing in state court, petitioner was released to federal custody pursuant to a writ of habeas corpus *ad prosequendum* to answer pending federal charges in the Western District for possession of a firearm by a convicted felon. (*Id.*) On July 27 petitioner was sentenced to 92 months' imprisonment and subsequently returned to state custody on July 30 with a federal detainer in place. (*Id.* at 1, 6) The federal criminal judgment was silent as to whether petitioner's 92-month federal sentence was to run concurrently with or consecutively to any state sentence to which she might be subject. (*Id.* at 9) On August 19, pursuant to a plea agreement, petitioner was sentenced in state court to 10 years' incarceration in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ) in Cause No. 29,470 and 18 months' incarceration in a state jail facility in Cause No. CR-29,662. (Attach. to Pet. at 3) As agreed by the parties, the state court ordered petitioner's state sentences to run concurrently with one another and with her federal sentence. (*Id.* at 6) On July 27, 2007, TDCJ paroled petitioner, and she was released to federal custody to begin service of her federal sentence. (Resp't App. at 1-2, 45)

By way of this petition, petitioner complains that the Federal Bureau of Prisons (BOP) did not give her credit for 171 days in federal custody while she was waiting to be sentenced in state court and that the United States Marshals Service (USMS) failed to return her to a federal facility to begin her concurrent sentence. (Pet. at 6) The BOP has calculated petitioner's federal sentence as commencing on the date she was paroled by TDCJ and denied her presentence credit for time spent in federal custody on the writ of habeas corpus *ad prosequendum* because she was in primary

state custody and received state presentence credit from the date of her arrest on February 25, 2004. (Resp't App. at 2)

Petitioner asserts that she has initiated administrative remedies in this regard, and the record reflects the BOP is in the process of reviewing petitioner's case for a retroactive nunc pro tunc designation that would give her credit for time served in state prison. (*Id.* at 2, 45-46; Pet. at 5) Petitioner's current projected release date is April 23, 2014, with good time credit. (*Id.* at 1) According to petitioner's calculation, she should have been released over one and one-half years ago. (Pet'r Mem. at 3)

**D. DISCUSSION**

Respondent argues the petition should be dismissed for lack of exhaustion. Petitioner contends that she is currently pursuing administrative remedies but by the time they are completed she will have been incarcerated at least a year past her release date. (Pet. at 5; Pet'r Mem. at 3)

Federal prisoners are required to exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990); Bureau Program Statement 5160.05 (Resp't App. at 30-43). An administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-542.19. Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. Typically, the inmate must formally appeal to the Warden, via a Request for Administrative Remedy, commonly referred to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10; and finally to the Office of General Counsel, via a form commonly referred to as a BP-11. Administrative remedies have not been exhausted until the inmate's claim

has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke*, 11 F.3d at 49.

The government has submitted the declaration of John L. Farrar, Correctional Programs Specialist at the BOP Designation and Sentence Computation Center. (Resp't App. at 2) Farrar avers that, by way of his employment, he has access to records maintained by the BOP and that the BOP is in the process of determining whether a nunc pro tunc concurrent designation of the state institution for service of petitioner's federal sentence is appropriate, in accordance with 18 U.S.C. § 3621(b). Farrar further avers that there is no record that petitioner has attempted to file any administrative remedy request or appeal. (*Id.*)

The purpose of exhaustion is to allow the federal agency being challenged an opportunity to correct its own error without court intervention. *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991). Exceptions to the exhaustion requirement are appropriate only in extraordinary circumstances where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action. *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)).

Petitioner does not contend administrative procedures are unavailable or inappropriate. Instead, she contends she has initiated the administrative remedy process, but "the staff at Carswell has already taken a negative posture on the subject which will result in more time consuming remedies which may very well result in the same negative responses." (Pet'r Mem. at 3) Petitioner's contention fails to meet the requisite showing that it would be futile to pursue administrative remedies. Nor does she offer any support for her contention that she should have been released over one and one-half years ago or demonstrate that a favorable determination in this case would

automatically entitle her to immediate release. Such showing not having been made by petitioner, she cannot now proceed in this court in habeas corpus.

Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that petitioner can fully exhaust her administrative remedies and then return to this court, if she so desires, after exhaustion has been properly and fully accomplished.

## II. RECOMMENDATION

The petition for writ of habeas corpus should be dismissed without prejudice on exhaustion grounds.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December __4__, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that

are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until December 4, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 13, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE